UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DEVIN G. NUNES,

      Plaintiff,

v.

WP COMPANY LLC,
D/B/A THE WASHINGTON POST,
AND SHANE HARRIS,

      Defendants.

Case No. 3:20-cv-146

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**THE WASHINGTON POST'S MOTION TO TRANSFER**

WILLIAMS & CONNOLLY LLP

Kevin T. Baine (*pro hac vice*)
Thomas G. Hentoff (*pro hac vice*)
Nicholas G. Gamse (*pro hac vice*)
Emily A. Rose (VSB No. 89529)

725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
erose@wc.com

*Counsel for WP Company LLC*

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

ARGUMENT ................................................................................................................................1

I. REP. NUNES COULD HAVE BROUGHT THIS ACTION IN THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA. ................................................................1

II. THE SECTION 1404(A) FACTORS STRONGLY FAVOR TRANSFER. ......................2

    A.    Plaintiff's Choice of Forum. ..................................................................................2

    B.    Convenience of the Parties.....................................................................................3

    C.    Witness Convenience and Access...........................................................................5

    D.    Interests of Justice...................................................................................................8

CONCLUSION.............................................................................................................................9

## TABLE OF AUTHORITIES

### CASES

*Bluestone Innovations, LLC v. LG Elecs., Inc.*, 940 F. Supp. 2d 310 (E.D. Va. 2013) ................... 7

*Fitzgibbon v. Radack*, 597 B.R. 836 (E.D. Va. 2019) ................................................................. 9

*Global Tek Link Corp. v. Securus Techs. Inc.*, 2014 WL 860609 (E.D. Va. Mar. 5, 2014) ............ 4

*Guadalupe v. Am. Campus Communities Servs., Inc.*, 2016 WL 11535823 (E.D. Va. Aug. 12, 2016) ................................................................................................................................ 8

*Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627 (E.D. Va. 2003) ............................................. 1, 6

*Macronix Int'l Co. v. Spansion Inc.*, 2014 WL 934521 (E.D. Va. Mar. 10, 2014) ................ 4, 7, 8

*Mullins v. Equifax Information Services, LLC*, 2006 WL 1214024 (E.D. Va. Apr. 28, 2006) ................................................................................................................................... 8

*Nader v. McAuliffe*, 549 F. Supp. 2d 760 (E.D. Va. 2008) ............................................................ 2

*Seaman v. IAC/InteractiveCorp., Inc.*, 2019 WL 1474392 (E.D. Va. Apr. 3, 2019) ............. *passim*

*VS Techs., LLC v. Twitter, Inc.*, 2011 WL 11074291 (E.D. Va. June 28, 2011) ......................... 3, 4

*Wenzel v. Knight*, 2015 WL 222179 (E.D. Va. Jan. 14, 2015) ....................................................... 6

### OTHER AUTHORITIES

28 U.S.C. § 1404(a) ........................................................................................................................ 2

**INTRODUCTION**

Rep. Nunes does not contest the point that the center of gravity in this defamation action—including where the underlying facts and reporting took place and where the documentary evidence and overwhelming majority of significant witnesses are located—is the District of Columbia. He nevertheless opposes the Post's Motion to Transfer by repeating arguments this Court has rejected and by mischaracterizing the Post's grounds for transfer. Indeed, he all but ignores the extensive authority cited by the Post in its opening memorandum, which compels transfer here. This authority includes this Court's decision in *Seaman v. IAC/InteractiveCorp., Inc.*, 2019 WL 1474392 (E.D. Va. Apr. 3, 2019) (Payne, J.), in which the Court transferred a different defamation case brought by Rep. Nunes's counsel just last year. Rep. Nunes repeats many of the same arguments that this Court rejected in that case and should reject once again.

In *Seaman*, this Court warned that it had "significant concerns about forum shopping," in part because counsel had filed several "similar cases in this District that were subsequently transferred to different venues because the events at issue had few, if any, ties to Virginia." *Id.* at *7 n.8. This case is one more of the same and should be transferred to the District of Columbia.

**ARGUMENT**

**I.   REP. NUNES COULD HAVE BROUGHT THIS ACTION IN THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA.**

Rep. Nunes acknowledges that the Post has satisfied the threshold inquiry for transfer under Section 1404(a): "whether the claims might have been brought in the transferee forum." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). He concedes that "this action might have been brought in the United States District Court for the District of Columbia, where [the Post] is subject to personal jurisdiction and, therefore, resides for purposes of 28 U.S.C. § 1391(b)(1)." Opp. 2 n. 2.

## II. THE SECTION 1404(A) FACTORS STRONGLY FAVOR TRANSFER.

The relevant factors under Section 1404(a) "strongly support transfer" to the District of Columbia, which has a substantial nexus to the plaintiff's claims. *See Seaman*, 2019 WL 1474392, at *4; 28 U.S.C. § 1404(a).

### A. Plaintiff's Choice of Forum.

The law is clear that when "the plaintiff's choice of forum is neither the nucleus of operative facts nor the plaintiff's home forum, the plaintiff's choice is accorded less weight." *Seaman*, 2019 WL 1474392, at *4. Rep. Nunes expressly acknowledges that Virginia is not his "home forum." *See id*. at *5. Rather, he "is a citizen of California." Opp. 6. And he fails to articulate any meaningful connection between the events in this case and the District, which is clearly not the "nucleus of operative facts." *See* Opp. 6-7.

Rep. Nunes argues that he is the Ranking Member of the Intelligence Committee and "works at the Capitol within a few minutes' drive of Virginia." Opp. 6. But his proximity to Virginia is no different from that of the plaintiff in *Seaman*, who lived in Washington, D.C. *See* 2019 WL 1474392, at *5 (rejecting plaintiff's argument that his choice of Virginia forum should be given "great deference" because plaintiff was a resident of the District of Columbia (quotation marks omitted)). And while his Committee may exercise oversight of "the intelligence community, most of which is located in Virginia," Opp. 6, that does not establish any "logical connection between the events *in this case* and this district," *Seaman*, 2019 WL 1474392, at *5 (emphasis added). None of the facts reported in the challenged article—such as those concerning the intelligence briefing that Nunes attended in Congress, or the Oval Office meeting that ensued— allegedly took place in Virginia, and the article itself was reported and edited in the District of Columbia. *See* Post Mem. Ex. A; *see also Nader v. McAuliffe*, 549 F. Supp. 2d 760, 763 (E.D. Va. 2008) (holding no "substantial nexus" exists to this District where "none of the events giving rise

2

to the causes of action in Plaintiffs' complaint occurred in Virginia" (quotation marks omitted)). To the contrary, the relevant events all took place in Washington, D.C., where the case should be transferred.

Rep. Nunes's remaining argument—that Virginia has a "substantial relation" to the case because of the alleged reputational injury that flowed from the Article's circulation within the commonwealth, Opp. 6-7—also fails. The Court in *Seaman* already rejected this relationship as "insufficient to warrant" giving Plaintiff's choice of forum "any significant preference." 2019 WL 1474392, at *5.

Without any connection between "this case and this district," Rep. Nunes's choice of forum is entitled "only to slight deference." *See id*.

### B. Convenience of the Parties.

With regard to the convenience of the parties, Rep. Nunes largely relies on the same argument already rejected in *Seaman*—that transfer would "shift[ ] the balance of inconvenience" to him. Opp. 8. His argument should be rejected for the same reasons it was rejected in that case.

First, regardless of "whether the case is in this Court or [Washington, D.C.], [Plaintiff] will be inconvenienced because he does not live in Richmond (or anywhere in Virginia)." *Seaman*, 2019 WL 1474392, at *6. Indeed, Rep. Nunes does not deny, because he cannot, that litigating the case in Washington would actually be *more* convenient for him than it would be to proceed in Richmond, since he works in the District of Columbia as a Congressman.

Second, the case that Rep. Nunes cites in support of his argument that the Post seeks to "shift the balance of inconvenience" to him, *VS Techs., LLC v. Twitter, Inc.*, 2011 WL 11074291, at *7 (E.D. Va. June 28, 2011) (quotation marks omitted), "does not support him on the facts in this case," *Seaman*, 2019 WL 1474392, at *6. In *VS Technologies*, the plaintiff's key witness was

3

located in the Eastern District of Virginia. 2011 WL 11074291, at *7. There is no such allegation here, where there are no plaintiff's witnesses of any comparable significance in this District.[1]

The only new arguments that Rep. Nunes advances on this factor boil down to the idea that the Post does business in Virginia and occasionally has to litigate cases here. Opp. 8. But these arguments are red herrings. The Section 1404(a) inquiry concerns convenience to the parties "on the facts in this case." *Seaman*, 2019 WL 1474392, at *6. And here, Rep. Nunes has no answer to the fact that *all* of the most significant witnesses for the Post live in Washington, D.C., and that *all* of their reporting records and other relevant evidence is located in Washington, D.C. *See* Post Mem. 7; Harris Decl. ¶ 4.[2] As in *Seaman*, the transferee forum "will be significantly more convenient for the Defendants, their witnesses, and the production of evidence." *Seaman*, 2019 WL 1474392, at *7.

---

[1] As explained in the Post's opening memorandum, the only apparent connection this case has with the Eastern District of Virginia is that Rep. Nunes's counsel is located nearby. *See* Post Mem. 1. This Court expressly held in *Seaman* that "convenience to counsel is not an appropriate consideration in resolving a motion to transfer venue." *Seaman*, 2019 WL 1474392, at *5 n. 7 (quotation marks omitted). Rep. Nunes ignores this authority.

[2] To the extent that Rep. Nunes argues that the Post failed to articulate a reason why the Post could not produce witnesses or evidence in Richmond, he misses the point. *See* Opp. 11. Simply because evidence and witnesses *could* travel to Richmond doesn't mean that they *should*. The Section 1404(a) test is based on inconvenience, not impossibility. *See, e.g.*, *Global Tek Link Corp. v. Securus Techs. Inc.*, 2014 WL 860609, *5 (E.D. Va. Mar. 5, 2014) (explaining that even though the movant's evidence could be transmitted electronically, the movant "would still be inconvenienced by any requirement to transport [relevant evidence] to this district"); *Macronix Int'l Co. v. Spansion Inc.*, 2014 WL 934521, at *5 (E.D. Va. Mar. 10, 2014) (explaining that courts may presume a transferee forum is more convenient for witnesses, even if those witnesses are able to travel to another forum).

4

## C. Witness Convenience and Access.

Rep. Nunes argues that the Post failed to meet its burden of establishing that the District of Columbia would be more convenient for the witnesses in this case. But this mischaracterizes the Post's argument and flat out ignores multiple of the key witnesses at issue.

Rep. Nunes suggests that the Post failed to provide adequate evidence about various material non-party witnesses and their testimony. *See* Opp. at 10. He is wrong. The Post identified several key third-party witnesses along with their relevant testimony in its memorandum and in the supporting Declaration of Shane Harris. Specifically, the Post explained that "the most significant third parties for discovery" include members of Rep. Nunes's staff, and specifically "Communications Director Jack Langer," who works in the District of Columbia; and "President Trump and [Acting Director of Intelligence] Mr. [Joseph] Maguire," who work and reside in the District of Columbia. Post Mem. 8-9 & Harris Decl. ¶ 7. The Post also identified the subject of their anticipated testimony and its relevance to the case. For example, the Post stated that it expects Langer to provide testimony about the Post's request for comment, which will speak to "the Post's efforts to contact Rep. Nunes to corroborate its reporting prior to publication," as well as Langer's subsequent statements about the alleged falsity of the Article. Post Mem. 8-9 (citing Harris Decl. ¶ 7). The opposition completely ignores Langer and Rep. Nunes's staff more generally. Rep. Nunes does not dispute their location in Washington, D.C., or their significance to the case. *Id.* As for President Trump, the Post stated that he would be able to testify about the communication he had with Rep. Nunes regarding the briefing, and his Oval Office meeting with Maguire. Post Mem. 8. Maguire, conversely, will also be able to testify about the Oval Office meeting. *Id.* Rep. Nunes ignores the Post's arguments about their involvement and the scope of their testimony.[3]

---

[3] To the extent Rep. Nunes suggests all information regarding witness scope and inconvenience needed to be contained in an affidavit, he is mistaken. The moving party may provide information

5

While this factor is primarily concerned with the convenience of non-parties, the Post has proffered evidence that the journalists primarily responsible for the Article, who will provide testimony about their reporting, all live and work in the District of Columbia. Post Mem. 9; Harris Decl. ¶ 4. As this Court has recognized, it is "a fairly elementary proposition that the author of an allegedly defamatory article . . . is a key witness about the writing of the article, the research he did, and the claims he asserts in the article." *Seaman*, 2019 WL 1474392, at \* 6. Again, Rep. Nunes does not (and cannot) dispute these facts.

In short, this case is wholly unlike *Wenzel v. Knight*, where the movant failed to "specify witnesses and the materiality of their testimony." 2015 WL 222179, at \* 3 (E.D. Va. Jan. 14, 2015); Opp. 10. The Post provided such information through its opening memorandum and supporting declaration.

In comparison, Rep. Nunes fails to establish that there is any remotely comparable number of significant witnesses for whom Richmond would be a more convenient forum. He offers only a single sentence, in which he claims, without explanation or authority, that there are three "material witnesses in Virginia (Pierson, Maguire, @RVAwonk a/k/a Caroline Orr)." Opp. 11. His argument is unpersuasive. He fails to explain what he means by "in Virginia," or offer any plausible reason to think that these witnesses are closer to Richmond than Washington. For example, he does not dispute that Maguire—the only witness of the three with apparent knowledge of the Oval Office meeting—actually lives in Washington, D.C. *See* Post Mem. 8 n.5. As to Pierson, there is no reason to think that she has knowledge or could provide particularly significant testimony about the issues in dispute, which include communications between Rep. Nunes and

---

about witnesses and their potential testimony "by affidavit *or otherwise*." *Koh*, 250 F. Supp. 2d at 636–37 (emphasis added). Here, the involvement and knowledge of President Trump and Maguire as key participants in the meeting at issue is obvious on the face of the Article, and the Complaint.

6

President Trump, President Trump's understanding of those communications and the Intelligence Committee briefing, and President Trump's statements to Maguire during the Oval Office meeting. *See* Post Mem. 8. And Rep. Nunes's reliance on the supposed location of "@RVAwonk a/k/a Caroline Orr," who has no involvement in the case beyond being cited as one of several dozen Twitter followers who posted about the Article or the underlying facts, Compl. ¶ 15, simply underscores that there is not even arguably a meaningful number of witnesses with material knowledge in this District.

To the extent that Rep. Nunes argues that the Post must establish that witnesses "cannot travel to Virginia" in order to prevail, Opp. 11, he is wrong. This is the same argument that his counsel made in *Seaman*. Rather, the test is self-evidently one of "convenience." Thus, even where witness availability is guaranteed, "[m]aking attendance more convenient or affordable for a willing witness still weighs in favor of transfer, just not as heavily." *Bluestone Innovations, LLC v. LG Elecs., Inc.*, 940 F. Supp. 2d 310, 317 (E.D. Va. 2013) (granting motion to transfer); *Macronix Int'l Co. v. Spansion Inc.*, 2014 WL 934521, at *5 (E.D. Va. Mar. 10, 2014) (same). And it is axiomatic that a forum in which a witness resides or works is a more convenient forum than one where she does not.

Rep. Nunes also argues that the Post failed to establish that the third party witnesses could not participate via videotaped testimony. Opp. 11-12. Again, this Court rejected this same argument in *Seaman*. 2019 WL 1474392, at *6. Rep. Nunes quotes *Mullins v. Equifax Information Services, LLC*, for the proposition that "[s]omewhat less weight is given to witness inconvenience when a party is unable to demonstrate with any particularity that videotaped deposition testimony will be inadequate, and that live testimony is critical." 2006 WL 1214024, at *8 (E.D. Va. Apr. 28, 2006). But he ignores that *Mullins* emphasizes in the very next sentence that this proposition

is most applicable "when the witness is not central to the case." *Id.*; *see also Macronix Int'l*, 2014 WL 934521, at *3 ("[T]here is a substantial preference for in person testimony, particularly when testimony is central to a claim and [ ] credibility is also likely to be an important issue." (quotation marks omitted)); *Guadalupe v. Am. Campus Communities Servs., Inc.*, 2016 WL 11535823, at *5 (E.D. Va. Aug. 12, 2016) ("When reasonably possible, live testimony is preferred to other means of presenting evidence." (quotation marks omitted)); *Seaman*, 2019 WL 1474932, at *6 (concluding that the witness convenience factor favored the movant because the plaintiff had not disputed that non-party witnesses were located in the transferee district, notwithstanding the possibility of videotaped testimony).

Ultimately, Rep. Nunes has "provided no evidence" to dispute that the overwhelming majority of significant witnesses are located in the District of Columbia. *Seaman*, 2019 WL 1474392, at *6. Accordingly, the convenience of witnesses, which is of "considerable importance," weighs in favor of transfer. *Id.* at *5.

### D. Interests of Justice.

As to the interests of justice inquiry, Rep. Nunes falls short of identifying any reason why denying transfer would further "systemic integrity and fairness." *See id.* at *7.

First, Rep. Nunes argues that transfer is unnecessary because defamation law is similar in the District of Columbia and Virginia. Opp. 12-14. But where, as here, the substantive law is "essentially the same," a court's "familiarity with the substantive law has little relevance in assessing the interest of justice factor." *Seaman*, 2019 WL 1474392, at *7.

Second, Rep. Nunes's argument as to docket conditions fares no better. While acknowledging that the relative speed of a court's docket is not determinative, Rep. Nunes argues that the median time "from filing to trial" in the District of Columbia is more than three times as long as that in the Eastern District of Virginia. Opp. 14. But his reliance on this statistic is

8

misguided because very few cases ultimately proceed to trial. The relevant data point is the length of time for disposition across all cases which, as set forth in the Post's opening memorandum, is actually slightly longer in this District. Post Mem. 11 & n.9. This factor is also a non-issue in this case. *See Seaman*, 2019 WL 1474392, at *7.

Left unanswered in the opposition is the Post's argument that the forum-shopping concerns raised by this case counsel in favor of transfer. Post Mem. 10-11. Rep. Nunes does not deny that his counsel has repeatedly brought "similar cases in this District that were subsequently transferred to different venues because the events at issue had few, if any, ties to Virginia." *Seaman*, 2019 WL 1474392, at *7 n. 8. Counsel's continued reliance on the same arguments that were unsuccessful in *Seaman* only illuminates this forum-shopping concern and further weighs in favor of transfer.[4]

## CONCLUSION

For the foregoing reasons, the Post respectfully requests that the case be transferred to the United States District Court for the District of Columbia.

Dated: April 29, 2020

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: /s/ *Emily A. Rose*

Kevin T. Baine (*pro hac vice*)
Thomas G. Hentoff (*pro hac vice*)
Nicholas G. Gamse (*pro hac vice*)
Emily A. Rose (VSB No. 89529)

---

[4] Rep. Nunes also confusingly argues that the Post did not identify a need to visit a location in the District of Columbia. Opp. 14. He seems to misunderstand *Fitzgibbon v. Radack*, 597 B.R. 836 (E.D. Va. 2019), in which the movant argued for transfer on the basis that certain locations may need to be visited. *Id.* at 844. That was an idiosyncratic issue in that case that is irrelevant here. The need for site visits is obviously not a prerequisite to Section 1404(a) transfer.

9

725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
erose@wc.com

*Counsel for WP Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2020, I caused a true and correct copy of the foregoing Reply Memorandum of Law in Support of the Washington Post's Motion to Transfer to be served on counsel of record via the Court's CM/ECF system.

/s/ *Emily A. Rose*
*Counsel for WP Company LLC*